# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| **ED LAUR AND MARLA LAUR** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 2:21-cv-00246-Z** |
| | § | |
| **SAFECO INSURANCE COMPANY** | § | |
| **OF INDIANA,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **(JURY TRIAL)** |

---

### DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA'S
### BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

---

Respectfully submitted,

*/s/Kieran W.* Leary
**Kieran W. Leary**
Texas State Bar No. 24108517
kieranl@tbmmlaw.com
**TOLLEFSON BRADLEY MITCHELL**
**& MELENDI, LLP**
2811 McKinney Avenue, Suite 250
Dallas, TX 75204
(214) 665-0100 – Telephone
(214) 665-0199 – Facsimile

**ATTORNEY FOR DEFENDANT**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................ii-iii

TABLE OF AUTHORITIES ........................................................................................... iv-vi

I.    SUMMARY OF THE ARGUMENT .................................................................... 1

II.   SUMMARY OF CLAIMS ON WHICH SUMMARY JUDGMENT IS SOUGHT ............ 2

    A.  Breach of Contract, Causation, and Damages .............................................. 2

    B.  Extra-Contractual Bad Faith and Prompt Payment Act Claims (Chapter 541 and 542 of the Texas Insurance Code, the Texas Deceptive Trade Practices Act) ............ 2

III.  SUMMARY JUDGMENT STANDARD ................................................................ 3

IV.   SUMMARY JUDGMENT EVIDENCE ................................................................ 4

V.    STATEMENT OF UNDISPUTED MATERIAL FACTS ........................................... 4

VI.   ARGUMENTS AND AUTHORITIES .................................................................. 8

    A.  Safeco is Entitled to Summary Judgment on Plaintiffs' Breach of Contract Claim ........................................................................................................ 8

        1.  Plaintiffs' Claim Is Excluded By The Policy's Water Damage Exclusion ............. 9

        2.  Plaintiffs' Claim Is Excluded By The Policy's Exclusion For Loss Caused By Freezing to A Landscape Sprinkler System ...................................... 12

    B.  Plaintiffs' Extra-Contractual Claims Fail as a Matter of Law. ..................................... 16

        1.  Safeco is Entitled to Summary Judgment on Plaintiffs' Extra-Contractual Claims Because Plaintiffs Cannot Succeed on Their Claim for Breach of Contract ................................................................................................ 16

        2.  Texas Insurance Code Violations ...................................................... 17

        3.  Prompt Payment Claims ................................................................. 18

    C.  Safeco is Also Entitled to Summary Judgment on Plaintiffs' Extra-Contractual Claims Because There is no Evidence That This is Anything Other Than a *Bona Fide* Coverage Dispute ............................................................................... 19

VII.    CONCLUSION .................................................................................................20

CERTIFICATE OF SERVICE.......................................................................................21

## **TABLE OF AUTHORITIES**

**Cases**

*Adrian Associates, General Contractors v. National Sur. Corp.*, 638 S.W. 2d 138 (Tex.App.—Dallas 1982) ................................................................................................. 11

*All Saints Catholic Church v. United Nat'l Ins. Co.*, 257 S.W.3d 800 (Tex. App.—Dallas 2008, no pet) ..................................................................................................... 9

*Alton Ochsner Med. Found. V. Allendale Mut. Ins. Co.*, 219 F.3d 501 (5th Cir. 2000)............... 15

*Amine v. Liberty Lloyds of Texas Ins. Co.,* 2007 WL 2264477, at *3-4 (Tex. App.—Houston [1st Dist.] Aug. 9, 2007, no pet.)..................................................................................... 17

*ARM Prop. Management Group v. RSUI Indemn. Co.*, 400 F.App'x 938 (5th Cir. 2010)........... 10

*Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993) ............................................................. 3

*Balfour Beatty Construction, L.L.C. v. Liberty Mut. Fire Ins. Co.*, 968 F.3d 504 (5th Cir. 2020) 13, 14, 15

*Bibeau v. Concord Gen. Mut. Ins. Co.*, 2021 ME 4, 244 A.3d 712 (ME 2021) ........................... 11

*Blum's Furniture Co. v. Certain Underwriters at Lloyds London,* No. H-09-3479, 2011 WL 819491, at *3 (S.D. Tex. Mar 02, 2011), *aff'd*, 459 Fed. Appx. 366 (5th Cir. 2012) ......... 17, 18

*Bunting v. State Farm Lloyds*, 2000 WL 191672, at *4 (N.D. Tex. Feb. 14, 2000)..................... 17

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986)......................................................................... 3, 4

*Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co.*, 130 S.W.3d 181 (Tex. App.--Houston [14th Dist] 2003, pet. denied) .................................................................................... 9

*Diesel Barbershop, LLC v. State Farm Lloyds*, Civil Case No. 5:20-CV-461-DAE, 2020 WL 4723405 (W.D.Tex. 2020) ......................................................................................... 10

*Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532 (S.D. Tex. 1999) ......................................... 18

*Employers Cas. Co. v. Block*, 744 S.W.2d 940 (Tex. 1988)........................................................... 9

*Erie Ins. Prop. & Cas. Co. v. Chaber*, 239 W.Va. 329, 337, n. 8, 801 S.E.2d 207 (2017) .......... 14

*Guaranty Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192 (5th Cir. 1998) ......................................... 9

*Guzman v. State Farm Lloyds*, 456 F.Supp.3d 846 (S.D.Tex. 2020) ........................................... 10

*Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456 (5th Cir. 1997)................... 18, 19

*IAS Servs. Grp., LLC v. Jim Buckley & Assocs.*, 900 F.3d 640 (5th Cir. 2018) .............................. 9

*JAW The Pointe, L.L.C. v. Lexington Ins. Co.*, 460 S.W. 597 (Tex. 2015) .................................. 10

*Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) ..................................................... 3

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ................................. 3, 4

*Miller v. Great Am. Ins. Co.*, Civil Case No. 20-2583-DDC, 2022 WL 1405224, *10 (D. Kan. 2022) ................................................................................................................... 11

*Mississippi Farm Bur. Cas. Ins. Co. v. Smith*, 264 So. 3d 737 (Miss. 2019) ............................... 11

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa v. CBI Indus., Inc.,* 907 S.W. 2d 517 (Tex. 1995).... 14

*Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847 (5th Cir. 2003) ............. 19

*Platek v. Town of Hamburg*, 26 N.E. 3d 1167 (N.Y.Ct.App. 2015) ....................................... 14, 15

*Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919 (Tex. 2005) ................................... 18

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000) ................................................ 3

*Republic Ins. Co. v. Stoker*, 903 S.W.2d 338 (Tex.1995) ...................................................... 17

*RSUI Indem. Co. v. The Lynd Co.*, 466 S.W.3d 113 ............................................................. 14

*Scott v. Harris*, 550 U.S. 372 (2007) ............................................................................. 3

*Spicewood Summit Office Condos. Ass'n, Inc. v. Am. First Lloyd's Ins. Co.*, 287 S.W.3d 461 (Tex. App.—Austin 2009, pet. denied) ...................................................................................... 18

*State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696 (Tex. 1996) ......................................... 9

*State Farm Fire and Cas. Co. v. Bongen*, 925 P.2d 1042 (Alaska 1996) ................................... 11

*Sullivan v. Nationwide Affinity Ins. Co. of Am.*, 842 Fed.Appx. 251 (10th Cir. 2021) ................. 11

*Transp. Ins. Co. v. Mori*el, 879 S.W.2d 10, 17 (Tex. 1994) ................................................. 17

*Tsai v. Liberty Mut. Ins. Co.*, 2015 WL 6550769 (Tex.App.—Houston [1st Dist.] 2015, no pet.) 10

*U.S. Fire Ins. Co. v. Williams*, 955 S.W.2d 267 (Tex. 1997) ................................................. 19

*Universe Life Ins, Co, v. Giles*, 950 S.W.2d 48 (Tex. 1997) .................................................. 19

*USAA Texas Lloyds Co. v. Menchaca,* 545 S.W.3d 479 (Tex. 2018) ..................................... 17, 18

*Viking Constr., Inc. v. 777 Residential, LLC*, 190 Conn.App. 245, 210 A.3d 654 (2019) ............ 14

*Wallace v. Texas Tech Univ.*, 80 F.3d 1042 (5th Cir. 1996) ................................................... 3

*Wright v. Christian and Smith*, 950 S.W.2d 411 (Tex.App.—Houston [1st Dist.] 1997, no pet.) ... 9

*Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W. 3d. 487 (Tex. 2008)................................. 14

## Other Authorities

(Chapter 542 of the Texas Insurance Code)..................................................... 16

TEX. INS. CODE § 542.060(c) ........................................................................ 18

## Rules

FED. R. CIV. P. 56(c)..................................................................................... 3

Local Rule 56.3(a) ...................................................................................... 2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **ED LAUR AND MARLA LAUR** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 2:21-cv-00246-Z** |
| | § | |
| **SAFECO INSURANCE COMPANY** | § | |
| **OF INDIANA,** | § | |
| | § | |
| **Defendant.** | § | **(JURY TRIAL)** |

---

**DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA'S**
**BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

---

Defendant Safeco Insurance Company of Indiana ("Safeco") files this Brief in Support of its Motion for Summary Judgment (the "Brief"), and respectfully shows the Court as follows:

**I.      SUMMARY OF THE ARGUMENT**

This lawsuit arises out of Plaintiffs' claim, claim number 044854815-01 (the "Claim") for alleged water damage to their residential property located at 2800 S. Hayden Street, Amarillo, Texas 79109 (the "Property") under a homeowners insurance policy, policy number OY6709690 (the "Policy") issued by Safeco.  Plaintiffs assert claims against Safeco for breach of contract, violations of Section 541 (statutory bad faith) and Section 542 (prompt payment) of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act ("DTPA") based on Safeco's denial of the Claim.

Plaintiffs filed the Claim because a landscape sprinkler system line froze during Winter Storm Uri, leaked water into their Property, and caused damage to the insured Dwelling and their Personal Property. After thoroughly investigating the Claim, Safeco determined that the loss was

not covered because it was clearly excluded by the Policy's exclusions for loss caused by: 1) water damage; and 2) freezing to a landscape sprinkler system. Moreover, the Policy has anti-concurrent language that the water damage is excluded regardless of any other peril causing or contributing to the loss in any sequence.

Accordingly, Safeco is entitled to summary judgment on all of Plaintiffs' claims because the Claim is not covered. Moreover, because the Claim is not covered, Safeco is also entitled to summary judgment on Plaintiffs' statutory "bad faith" claims and its Prompt Payment Act claim. Additionally, even if the Claim were covered (which Safeco strenuously denies), this dispute concerns a *bona fide* dispute as to coverage which, as a matter of law, cannot support a claim for statutory bad faith under Texas law.

## II.    SUMMARY OF CLAIMS ON WHICH SUMMARY JUDGMENT IS SOUGHT

In compliance with Local Rule 56.3(a), Safeco submits the following summary of the elements of each claim and defense as to which summary judgment is sought:

### A.  Breach of Contract, Causation, and Damages

Summary judgment is appropriate as to Plaintiffs' breach of contract claim because the Claim is not covered under the Policy. Thus, Plaintiffs cannot establish the breach, causation or damage elements necessary to establish their breach of contract claim.

### B.    Extra-Contractual Bad Faith and Prompt Payment Act Claims (Chapter 541 and 542 of the Texas Insurance Code, the Texas Deceptive Trade Practices Act)

Safeco is entitled to summary judgment on Plaintiffs' statutory "bad faith" and Prompt Payment Act claims because Plaintiffs cannot establish a genuine issue of material fact concerning whether Safeco committed a statutory violation, and such claims are not cognizable in the absence of a valid claim for breach of the insurance contract. In addition, this dispute presents, at most, a

*bona fide* controversy which, as a matter of law, cannot support a claim for statutory bad faith under Texas law.

### III.    <u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment "is appropriate in any case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993)). The moving party need not negate the elements of the non-movant's case. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The moving party need only inform the district court of the basis for its motion and identify those portions of the pleadings, depositions, answers to interrogatories, admissions on file, affidavits and declarations that demonstrate the absence of a genuine issue of material fact; the nonmovant must then go beyond the pleadings and designate specific facts in the record showing a genuine issue for trial. *Wallace*, 80 F.3d at 1046-47. Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). An issue of material fact is "genuine" only if it requires resolution by a trier of fact. *Id.* at 248. If the evidence is such that a reasonable factfinder could not find in favor of the non-moving party, summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In reviewing all of the evidence, the Court should give credence to the evidence supporting the moving party that is un-contradicted and unimpeached. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000).

Plaintiffs then must establish the existence of a "genuine" issue for trial. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); *Matsushita*, 475 U.S. at 585-87. To meet this burden, Plaintiffs "must do more than simply show there is some metaphysical doubt as to the material facts," but instead must "come forward with 'specific facts showing that there is a genuine issue for trial.'"

*Matsushita*, 475 U.S. at 587 (quoting FED. R. CIV. P. 56(e)). If Plaintiffs fail to make a sufficient showing of an essential element of a claim, then Safeco is "entitled to judgment as a matter of law." *See Celotex*, 477 U.S. at 323.

## IV.   SUMMARY JUDGMENT EVIDENCE

**Exhibit A**: Declaration of Josh Zanchettin (**App. 1-3**)

> **Exhibit A-1**: Certified copy of Policy No. OY8083312 (**App. 4-110**)

> **Exhibit A-2**: Safeco's March 24, 2021 coverage position correspondence (**App. 111-113**)

> **Exhibit A-3**: Edward Laur's March 25, 2021 e-mail (**App. 114**)

> **Exhibit A-4**: Safeco's August 13, 2020 estimate for claim number 042857786-01 (**App. 115-125**)

> **Exhibit A-5**: Safeco's August 13, 2020 coverage position correspondence for claim number 042857786-01 (**App. 126-127**)

**Exhibit B**: Affidavit of Kieran W. Leary (**App. 128-129**)

> **Exhibit B-1**: Deposition Transcript from the September 28, 2022 deposition of Marla Laur (**App. 130-233**)

> **Exhibit B-2**: Deposition Transcript from the September 28, 2022 deposition of Ed Laur (**App. 234-258**)

**Exhibit C**: Affidavit of Chris Royce (**App. 259**)

> **Exhibit C-1**: Chris Royce's March 18, 2021 expert report (**App. 260-281**)

## V.   STATEMENT OF UNDISPUTED MATERIAL FACTS

Ed Laur and Marla Laur owned the property located at 2800 S. Hayden Street, Amarillo, Texas 79109 (the "Property") at the time of the February 21, 2021 loss.[1] However, the Property was

---

[1] *See Original Complaint* as **Doc. 1**, pp. 2-3, ¶ ¶5, 8.

under contract for sale at the time of loss.[2]  Safeco issued Policy No. OY6709690 to Plaintiffs to insure the Property with a Policy period of May 8, 2020 to May 8, 2021 (the "Policy").[3]

The Policy states, in relevant part, as follows:

---

### SECTION I—PROPERTY COVERAGES

. . . .

### BUILDING PROPERTY LOSSES WE COVER

We cover accidental direct physical loss to property described in **Building Property We Cover** except as limited or excluded.

. . . .

### BUILDING PROPERTY LOSSES WE DO NOT COVER

We do not cover loss caused directly or indirectly by any of the following excluded perils.  Such loss is excluded regardless of the cause of the loss or any other cause or event contributing concurrently or in any sequence to the loss.  These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

. . . .

2.    Freezing, thawing, pressure of weight or water, ice or snow whether driven by wind or not, to a swimming pool, hot tub or spa, including their filtration and circulation systems, fence, landscape sprinkler system, pavement, patio, foundation, retaining wall, bulkhead, pier, wharf or dock;

. . . .

However, we do insure for any resulting loss from items **1.** Through **5.** unless the resulting loss is itself excluded under **Property Losses We Do Not Cover In this Section.**

. . . .

9.    **Water Damage,** meaning:

    a.  **(1)** Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind, including hurricane or similar storm; and

        **(2)** release of water held by a dam, levee or dike or by a water or flood control device;

    b.  water below the surface of the ground, including that which exerts

---

[2] *See* **Id.**, p. 3, ¶ 8.
[3] *See* **Ex. A-1**, p. 6 (**App. 9**).

pressure on, or seeps or leaks through a building, wall, bulkhead, sidewalk, driveway, foundation, swimming pool, hot tub or spa, including their filtration and circulation systems, or other structure;

    **c.**   water which escapes or overflows from sewers or drains off the ***residence premises***;

    **d.**   water which backs up, overflows or discharges, for any reason, from within a sump pump, sump pump well, or any other system designed to remove water which is drained from the foundation area;

Water includes any water borne materials.

This exclusion applies whether caused by or resulting from human or animal forces or any act of nature.

. . . .

### PERSONAL PROPERTY LOSSES WE COVER

We insure for accidental direct physical loss to property described in Coverage C, except as excluded or excepted.

### PERSONAL PROPERTY LOSSES WE DO NOT COVER

**1.**    We do not cover loss caused directly or indirectly by any of the excluded perils listed in **Section I—Building Losses We Do Not Cover**.[4]

. . . .

On September 25, 2021, Plaintiffs provided Safeco with their first notice of loss for the Claim.[5] Plaintiffs reported that a pipe broke and caused water damage to the basement of the Property.[6][7]

---

[4] *See* **Ex. A-1**, pp. 90-92, 95 (**App. 93-95, 98**).

[5] *See* **Ex. A**, p. 1, ¶ 2 (**App. 1**).

[6] *See* **Ex. A**, p. 1, ¶ 3 (**App. 1**).

[7] On June 23, 2020, Plaintiffs filed a claim with Safeco, claim number 042857786-01, for hail damage to the roof of the Property on or about June 19, 2020. *See* **Ex. A**, p. 2, ¶ 10 (**App. 2**). Safeco provided coverage for, *inter alia*, the replacement of the roof as a result of this loss. *See* **Ex. A**, p. 2, ¶ 11 (**App. 2**). The estimated damages to the Property were $41,785.35 and, after application of the recoverable depreciation and the applicable deductible, Safeco tendered payment in the amount of $26,357.17 to Plaintiffs. *See* **Ex. A**, p. 2, ¶ 12 (**App. 2**); **Ex. A-4**, pp. 7-8 (**App. 121-122**); **Ex. A-5**, p. 1 (**App. 126**).

In response to the Claim, on March 10, 2021, Safeco assigned Chris Royce of American Leak Detection to investigate the cause of the loss.[8] Mr. Royce inspected the Property on March 17, 2021 and prepared a report of his findings dated March 18, 2021.[9] He determined that the cause of the water damage was a rupture on an irrigation supply line just off of the back porch.[10] Mr. Royce additionally opined that the cause of the rupture was due to the irrigation line freezing during the most recent winter storm.[11] The parties both designated Mr. Royce as a non-retained expert.[12]

On March 24, 2021, Safeco explained in correspondence to Plaintiffs that the Policy did not afford coverage for water damage to the Property.[13] On March 25, 2021, Mr. Laur stated that the loss "possibly falls in the gray area of the policy where it is not just a one-way or the other, cookie cutter interpretation."[14]

Plaintiffs allege that the damage to the Property was caused by "water below the surface of the ground."[15] Mrs. Laur testified that that the pipe that froze and caused the water damage to the Property was beneath the ground.[16] Plaintiffs and Safeco agree that the loss was caused by freezing to a landscape sprinkler system.[17] Mrs. Laur testified that that the line that froze and caused the water damage to the Property was beneath the ground.[18] Mrs. Laur additionally testified that the line that froze and leaked was, at most, four years old at the time of loss because they

---

[8] *See* **Ex. A**, p. 1, ¶ 4 (**App. 1**).
[9] *See* **Ex. C**, p. 1, ¶ 2-3 (**App. 259**), **Ex. C-1**, p. 1 (**App. 260**).
[10] *See* **Ex. C-1**, p. 4 (**App. 263**).
[11] *See* **Ex. C-1**, p. 4 (**App. 263**).
[12] *See* Plaintiffs' Designation of Expert Witnesses as **Doc. 24**, pp. 3-4; Safeco's Expert Designations as **Doc. 27**, pp. 1-2.
[13] *See* **Ex. A-2**, pp. 1-2 (**App. 111-112**).
[14] *See* **Ex. A-3** (**App. 114**), **Ex. B-2**, p. 14:8-12 (**App. 247**).
[15] *See* **Doc. 1**, p. 4, ¶ 13.
[16] *See* **Ex. B-1**, p. 34:16-18 (**App. 163**).
[17] *See* **Doc. 1**, p. 3, ¶ 12.
[18] *See* **Ex. B-1**, p. 34:16-18 (**App. 163**).

recently "had the sprinkler system automated."[19]  This work was performed by a "sprinkler guy" at a "[s]prinkler company."[20]

## VI.    ARGUMENTS AND AUTHORITIES

Summary judgment is appropriate in this case because there is no genuine issue of material fact as to any of Plaintiffs' causes of action. Safeco is entitled to judgment on Plaintiffs' claims for Breach of Contract and Violations of the Texas Insurance Code.

Plaintiffs' Property and Personal Property suffered water damage during Winter Storm Uri when a landscape sprinkler system pipe below the surface of the ground froze and leaked water into the basement. Plaintiffs' Claim is barred from coverage by multiple Policy exclusions.

*First*, Plaintiffs' Claim for water damage is excluded under the Policy by the Water Damage exclusion. *Second*, Plaintiffs' Claim is excluded because the Parties agree that the water loss was caused by the freezing of a landscape sprinkler system—a peril which is explicitly excluded under the Policy. Moreover, the Policy has anti-concurrent language that the water damage is excluded regardless of any other peril causing or contributing to the loss in any sequence.

Plaintiffs cannot produce any evidence of a covered loss during the Policy.  Safeco is further entitled to summary judgment on Plaintiffs' claims for Violations of the Texas Insurance Code because Plaintiffs cannot prevail on their Breach of Contract claim and, even assuming arguendo that they could (which Safeco strenuously denies), Plaintiffs admit that this is, at most, a *bona fide* coverage dispute.

### A. Safeco is Entitled to Summary Judgment on Plaintiffs' Breach of Contract Claim

Safeco is entitled to summary judgment on Plaintiffs' breach of contract claim because the Claim is not covered.  The elements of a breach of contract claim are (1) the existence of a valid

---

[19] *See* **Ex. B-1**, p. 17:18-25 (**App. 146**).
[20] *See* **Ex. B-1**, p. 18:15-23 (**App. 147**).

contract; (2) performance tendered by the plaintiff; (3) breach of contract by the defendant; and (4) damages resulting from that breach. *Wright v. Christian and Smith*, 950 S.W.2d 411, 412 (Tex.App.—Houston [1st Dist.] 1997, no pet.). The final element requires causation. *IAS Servs. Grp., LLC v. Jim Buckley & Assocs.*, 900 F.3d 640, 652 (5th Cir. 2018).

Under Texas law, an insured is not entitled to recover under an insurance policy unless it proves its damages are covered by the policy. *Guaranty Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998); *Employers Cas. Co. v. Block*, 744 S.W.2d 940, 944 (Tex. 1988), *overruled in part on other grounds by State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696 (Tex. 1996). That is, to establish a claim for breach of an insurance contract, Plaintiffs must prove the existence of a covered loss under the policy. *All Saints Catholic Church v. United Nat'l Ins. Co.*, 257 S.W.3d 800, 802 (Tex. App.—Dallas 2008, no pet); *Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co.*, 130 S.W.3d 181, 198 (Tex. App.--Houston [14th Dist] 2003, pet. denied).

In order for Safeco to owe any payment under the Policy, Plaintiffs must prove that the property damage was caused by a covered cause of loss during the Policy. Instead, Plaintiffs have no evidence of the breach, causation, or damages elements of their breach of contract claim.

### 1. Plaintiffs' Claim Is Excluded By The Policy's Water Damage Exclusion

Plaintiffs' Claim is excluded by the Policy's Water Damage exclusion, which bars coverage for, *inter alia*, "surface water" and "water below the surface of the ground."[21]  Plaintiffs allege that the damage to the Property was caused by "water below the surface of the ground."[22] Moreover, Mrs. Laur testified that that the pipe that froze and caused the water damage to the Property was beneath the ground.[23]

---

[21] *See* **Ex. A-1**, pp. 90-92 (**App. 93-95**).
[22] *See* **Doc. 1**, p. 4, ¶ 13.
[23] *See* **Ex. B-1**, p. 34:16-18 (**App. 163**).

As an initial matter, the Policy contains the following anti-concurrent causation ("ACC") provision in the lead-in clause to the Water Damage exclusion:

> We do not cover loss caused directly or indirectly by any of the following excluded perils.  Such loss is excluded regardless of the cause of the loss or any other cause or event contributing concurrently or in any sequence to the loss.[24]

Texas courts have repeatedly enforced ACC clauses as precluding coverage where the excluded cause is a contributing cause of the loss.  *See JAW The Pointe, L.L.C. v. Lexington Ins. Co.*, 460 S.W. 597, 608-610 (Tex. 2015); *ARM Prop. Management Group v. RSUI Indemn. Co.*, 400 F.App'x 938, 939-941 (5th Cir. 2010); *Diesel Barbershop, LLC v. State Farm Lloyds*, Civil Case No. 5:20-CV-461-DAE, 2020 WL 4723405 (W.D.Tex. 2020); *Guzman v. State Farm Lloyds*, 456 F.Supp.3d 846, 858 (S.D.Tex. 2020). As Plaintiffs claim that their loss was caused by "water below the surface of the ground", the Claim is clearly excluded.

However, in their Complaint, Plaintiffs contend that "[u]nder Texas law, 'water below the surface of the ground' refers to groundwater from a natural source, not leaks from broken pipes."[25] This is an inaccurate statement of Texas law, particularly concerning this Policy language which has already been correctly interpreted by a Texas appellate court.

The Water Damage exclusion in this Policy explicitly states that _**"[t]his exclusion applies whether caused by or resulting from human or animal forces or any act of nature."**_ (emphasis added).[26] Thus, the exclusion is not limited to naturally-occurring water.  In *Tsai v. Liberty Mut. Ins. Co.*, 2015 WL 6550769 (Tex.App.—Houston [1st Dist.] 2015, no pet.), the Houston Court of Appeals interpreted this identical Water Damage exclusion where the surface water subsection of the exclusion was at issue. In *Tsai*, Plaintiffs contended that surface water was limited to natural

---

[24] *See* **Ex. A**, p. 90 (**App. 93**).
[25] *See* **Doc. 1**, p. 4, ¶ 13.
[26] *See* **Ex. A-1**, pp. 91-92 (**App. 94-95**).

precipitation, and, thus, not excluded.  The Court rejected this argument given the clear language of the subject policy:

> "[t]he exclusionary language does not require surface water to be 'natural precipitation.' To the contrary, the exclusion applies when the water damage is 'caused by or resulting from human or animal forces or any act of nature.' In other words, the exclusion is not limited to naturally-occurring precipitation, as the Tsais claim."[27]

State supreme courts and United States District Courts have consistently reached the same result when interpreting substantially identical policy language which state that the exclusions apply whether the loss was caused by "human or animal forces or any act of nature." *See Miller v. Great Am. Ins. Co.*, Civil Case No. 20-2583-DDC, 2022 WL 1405224, *10 (D. Kan. 2022); *Bibeau v. Concord Gen. Mut. Ins. Co.*, 2021 ME 4, 244 A.3d 712 (ME 2021); *Sullivan v. Nationwide Affinity Ins. Co. of Am.*, 842 Fed.Appx. 251, 258-259 (10th Cir. 2021); *Mississippi Farm Bur. Cas. Ins. Co. v. Smith,* 264 So. 3d 737 (Miss. 2019); *State Farm Fire and Cas. Co. v. Bongen*, 925 P.2d 1042, 1045-1046 (Alaska 1996).

Plaintiffs' sole reliance for their contention that the Water Damage exclusion applies only to groundwater from a natural source is clearly inapposite. In *Adrian Associates, General Contractors v. National Sur. Corp.*, 638 S.W. 2d 138, 139-140 (Tex.App.—Dallas 1982), the Court interpreted a builder's risk policy—not a homeowners policy—that contained the following water damage exclusions:

> (c)(1) Flood, surface water, waves, tidal water, or tidal wave, overflow of streams or other bodies of water, or spray from any of the foregoing, all whether driven by wind or not;

> (c)(2) water which backs up through sewers or basement drains;

---

[27] Thus, the result is the same even if , assuming arguendo, that the loss was caused by water at ground level. The loss would still be excluded as surface water under subsection **a.(1)** of the **Water Damage** exclusion. *See* **Ex. A-1, pp. 91-92** **(App. 94-95)**.

(c)(3) water below the surface of the ground, including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls, basements, or other floors, or through doors, windows or any other openings in such sidewalks, driveways, foundations, walks or floors; unless loss by fire or explosion ensues, and then only for such ensuing loss ....

The Court concluded—and the carrier conceded—that exclusion (c)(1) was limited to water of a natural origin and that exclusion (c)(2) was limited to water of an artificial origin. Given this concession, the Court resolved the coverage dispute as to the meaning of "water below the surface of the ground" as follows:

[T]he Insurance Company recognizes that the policy is designed to exclude certain water of natural origin and certain water of artificial origin. But the Insurance Company presents us with an ambiguity as to the intended source of the "water below the surface of the ground." ***Although the Insurance Company contends that the exclusion applies to* all *water whatever the source, we conclude that if it was intended to do so, then the Insurance Company would have said so*** (emphasis added).

Safeco explicitly stated in its Policy that loss attributable to surface water or water below the surface of the ground is excluded, regardless of whether it was caused by or resulting from human or animal forces or any act of nature.

Moreover, Plaintiffs' Personal Property loss is excluded for the same reasons as the damage to the building, as the Policy explicitly notes that Safeco does "not cover loss caused directly or indirectly by any of the excluded perils listed in **Section I—Building Property Losses We Do Not Cover**.[28]

As such, Safeco is entitled to summary judgment on Plaintiffs' Breach of Contract count.

### 2. Plaintiffs' Claim Is Excluded By The Policy's Exclusion For Loss Caused By Freezing To A Landscape Sprinkler System.

The Claim is barred by the Water Damage Exclusion, which ends the inquiry as to coverage. However, the Claim is additionally excluded by the Policy's exclusion for loss caused

---

[28] *See* **Ex. A-1**, p. 95 (**App. 98**).

by freezing to a landscape sprinkler system.[29]  Plaintiffs and Safeco agree that the loss was caused by freezing to a landscape sprinkler system.[30] The parties both designated Chris Royce of American Leak Detection as a non-retained expert.[31] Mr. Royce opined that the "cause of the water damage to the dwelling" was a "rupture on the 2" PVC irrigation supply in the valve box."[32] He further opined that the rupture was due to the freezing of the irrigation line.[33] Mrs. Laur testified that that the line that froze and caused the water damage to the Property was beneath the ground.[34]

Mrs. Laur additionally testified that the line that froze and leaked was, at most, four years old at the time of loss because they recently "had the sprinkler system automated."[35]  This work was performed by a "sprinkler guy" at a "[s]prinkler company."[36]

The Policy specifically excludes "loss caused directly or indirectly by…[f]reezing…to a…landscape sprinkler system."[37]  Thus, this water loss which was caused by the freezing of a landscape sprinkler system is excluded.

Plaintiffs attempt to resuscitate their Claim by contending that the water damage to the Property is covered as a "resulting loss."  Plaintiffs' contention is erroneous, as there was only a singular loss: a rupture in an irrigation supply line.  In *Balfour Beatty Construction, L.L.C. v. Liberty Mut. Fire Ins. Co.*, 968 F.3d 504, 513 (5th Cir. 2020), the Fifth Circuit recently explained that there is no appreciable difference between "resulting loss" provisions—such as the one at issue in this Policy—and ensuing loss provisions.  As noted by the Fifth Circuit, "[a] resulting loss

---

[29] *See* **Ex. A-1**, p. 90 (**App. 93**).
[30] *See* **Doc. 1**, p. 3, ¶ 12.
[31] *See* **Doc. 24**, pp. 3-4; **Doc. 27**, pp. 1-2.
[32] *See* **C-1**, p. 4 (**App. 263**).
[33] *See* **C-1**, p. 4 (**App. 263**).
[34] *See* **Ex. B-1**, p. 34:16-18 (**App. 163**).
[35] *See* **Ex. B-1**, p. 17:18-25 (**App. 146**).
[36] *See* **Ex. B-1**, p. 18:15-23 (**App. 147**).
[37] *See* **Ex. A-1**, p. 90 (**App. 93**).

clause is also known as an ensuing loss clause." (internal citations omitted) *Balfour Beatty*, 968 F.3d at 513.

The Texas Supreme Court has stated that it is mindful of other court's interpretations of policy language that is similar to the policy language at issue.  *See RSUI Indem. Co. v. The Lynd Co.*, 466 S.W.3d 113, 118.  Furthermore, the Texas Supreme Court has "repeatedly stressed the importance of uniformity 'when identical insurance provisions will necessarily be interpreted in various jurisdictions." *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W. 3d. 487, 496-97 (Tex. 2008). "Courts usually strive for uniformity in construing insurance provisions, especially where…the contract provisions at issue are identical across the jurisdictions." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa v. CBI Indus., Inc.,* 907 S.W. 517, 522 (Tex. 1995).

As the Fifth Circuit has stated, "numerous courts have recognized that 'resulting loss clauses and ensuing loss clauses are one and the same." *Balfour Betty* at 511; *Viking Constr., Inc. v. 777 Residential, LLC*, 190 Conn.App. 245, 210 A.3d 654, 664-665 & n.9 (2019); *Erie Ins. Prop. & Cas. Co. v. Chaber*, 239 W.Va. 329, 337, n. 8, 801 S.E.2d 207 (2017).

The origin of the inclusion of the term "ensuing loss" in property insurance policies provides a sound example of the type of event contemplated when coverage is provided pursuant to an "ensuing loss." Such provisions are a product of the San Francisco earthquake of 1906, wherein some insurers argued that because earth movement was an excluded peril, so was the damage caused by fires sparked by gas emitted from pipes broken by the shaking of the earth, even though fire was a covered peril. *Platek v. Town of Hamburg*, 26 N.E. 3d 1167, 1172 (N.Y.Ct.App. 2015).  In response, ensuing loss clauses were incorporated into earthquake exclusions and other types of exclusions, such as exclusions in all-risk policies for faulty workmanship. *Id* at 1172.

> "The ensuing loss exception 'preserves coverage for insured losses, such as the fires after the San Francisco earthquake, and does not create a 'grant back' through

which coverage may be had for the original excluded loss, whether it be an earthquake, a design defect, or any other excluded cause of loss…[s]tated another way, an ensuing loss 'at least requires a new loss to property that is of a kind not excluded by the policy; it does not resurrect coverage for an excluded peril. [internal citations omitted]."

*Platek*, 26 N.E.3d at 1172.

The Fifth Circuit has previously stated that an "ensuing loss clause would be triggered if a 'loss caused by an act during a renovation…causes a covered peril, such as a fire, and that *latter peril* damages the building." *Balfour Beatty*, 968 F.3d. at 513. *See also, Platek*, 26 N.E. 3d at 1172 ("[W]here a property insurance policy contains an exclusion with an exception for ensuing loss, courts have sought to assure that the exception does not supersede the exclusion by disallowing coverage for ensuing loss directly related to the original excluded risk.").  The Fifth Circuit approvingly cited to the Appellate Court of Connecticut's holding in *Viking Construction* that "the ensuing loss clause…did not reinstate coverage over a claim arising from damage to windows caused by the insured's power washing" of the building.

In *Balfour Beatty* at 512, the Fifth Circuit correctly held that the insured improperly requested that it "disregard the Exclusion in favor of the Exception."  In *Balfour Beatty*, welding slag from a welding project during construction fell down the side of the building and damaged the exterior of certain glass windows on lower floors. The Parties agreed that, absent the Exception, the construction and/or installation Exclusions barred coverage. However, the insured contended that the falling slag was a separate peril from the construction and/or installation operations.

The Fifth Circuit held that this "proposed reading is unpersuasive."  Instead, to trigger the ensuing loss provision, "there must be some distinct peril that arises as a result of the excluded peril, and that subsequent peril must be a covered peril. *See also, Alton Ochsner Med. Found. V. Allendale Mut. Ins. Co.*, 219 F.3d 501, 505-06 (5th Cir. 2000) (resulting damage exception not

triggered unless the excluded peril results in "damage that is different in kind" from the excluded peril).

In *Balfour Beatty*, there was only one cause for the loss—the insured's welding operation—which was accompanied by damage to the exterior glass of the lower floors. Thus, "much like the damage to the windows in *Viking Construction* was concomitant with the power washing", the damage to the exterior glass in *Balfour Beatty* was concomitant with the insured's welding operations.

Here, there was only one cause for the loss—the frozen, ruptured pipe, which was accompanied by a water leak. Simply put, the damage to the Property caused by the leak was concomitant with the frozen, ruptured pipe. As a result, Plaintiffs' Claim is excluded.

Furthermore, even if Plaintiffs were correct that the water leak constitutes a "resulting loss" (which Safeco strenuously denies), it is still excluded because ensuing losses are not covered if the "resulting loss is itself excluded under Property Losses We Do Not Cover in this Section."[38] As set forth, *supra*, the Claim is barred by the Water Damage Exclusion.

Moreover, Plaintiffs' Personal Property loss is excluded for the same reasons as the damage to the building, as the Policy explicitly notes that Safeco does "not cover loss caused directly or indirectly by any of the excluded perils listed in **Section I—Building Property Losses We Do Not Cover**.[39]

**B. Plaintiffs' Extra-Contractual Claims Fail as a Matter of Law.**

**1. Safeco is Entitled to Summary Judgment on Plaintiffs' Extra-Contractual Claims Because Plaintiffs Cannot Succeed on Their Claim for Breach of Contract.**

---

[38] *See* **Ex. A-1**, p. 90 (**App. 93**).
[39] *See* **Ex. A-1**, p. 95 (**App. 98**).

Plaintiffs' extra-contractual claims can simply be described as statutory bad faith claims violations of Chapter 541 of the Texas Insurance Code) and violations of the Prompt Payment of Claims statute (Chapter 542 of the Texas Insurance Code). The foundation of these extra-contractual claims against Safeco is the alleged breach of the Policy. In the absence of a breach of contract, all of Plaintiffs' extra-contractual claims fail. *USAA Texas Lloyds Co. v. Menchaca,* 545 S.W.3d 479, 495 (Tex. 2018) ("an insured cannot recover policy benefits as actual damages for an insurer's statutory violation if the insured has no right to those benefits under the policy"); *Amine v. Liberty Lloyds of Texas Ins. Co.,* 2007 WL 2264477, at *3-4 (Tex. App.—Houston [1st Dist.] Aug. 9, 2007, no pet.); *Blum's Furniture Co. v. Certain Underwriters at Lloyds London,* 459 Fed. Appx. 366, 368 (5th Cir. 2012); *Bunting v. State Farm Lloyds*, 2000 WL 191672, at *4 (N.D. Tex. Feb. 14, 2000) ("Having found that defendant did not breach the insurance policy, these extra-contractual claims fall like a house of cards."). As Safeco is entitled to summary judgment on Plaintiffs' claim for breach of contract, it is also entitled to summary judgment on Plaintiffs' extra contractual claims.

### 2. Texas Insurance Code Violations

In Texas, breach of the common-law duty of good faith and fair dealing requires proof of a breach of contract accompanied by an independent tort. *Transp. Ins. Co. v. Mori*el, 879 S.W.2d 10, 17 (Tex. 1994). "Generally, an insured cannot maintain a common law bad faith claim where the breach of contract claim fails." *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex.1995); *Blum's Furniture Co. v. Certain Underwriters at Lloyds London,* No. H-09-3479, 2011 WL 819491, at *3 (S.D. Tex. Mar 02, 2011), *aff'd*, 459 Fed. Appx. 366 (5th Cir. 2012). The only recognized exceptions to this rule are if the insurer "commit[s] some act, so extreme, that would cause injury independent of the policy claim," or fails "to timely investigate the insured's claim." *Stok*er, 903 S.W.2d at 341.

Claims brought under Chapter 541 of the Texas Insurance Code "require the same predicate for recovery as bad faith causes of action in Texas." *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997). *See also, Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005) (an insurer's liability for violation of the Texas Insurance Code and Deceptive Trade Practices incorporate the same standard as common law bad faith); *Spicewood Summit Office Condos. Ass'n, Inc. v. Am. First Lloyd's Ins. Co.*, 287 S.W.3d 461, 468 (Tex. App.—Austin 2009, pet. denied) (same); *see also Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532, 544 (S.D. Tex. 1999) (extra-contractual tort claims pursuant to the Texas Insurance Code and Deceptive Trade Practices Act require the same predicate for recovery as bad faith causes of action). The Texas Supreme Court recently recognized that "a successful independent-injury claim would be rare, and we in fact have yet to encounter one." *Menchaca,* 545 S.W.3d at 500. There is no evidence that either of the two narrow exceptions would apply here.

Plaintiffs cannot establish the first prong of bad faith—a breach of contract—because the Claim is not covered. Moreover, Plaintiffs have no evidence that Safeco committed some act so extreme that would cause injury independent of the policy claim. Therefore, "[f]or the same reasons that Plaintiffs cannot maintain the common-law bad faith claim, their statutory claims also fail." *Blum's Furniture,* 2011 WL 819491, at *4. Accordingly, Safeco is entitled to summary judgment.

### 3. Prompt Payment Claims

The prompt-pay statute provides that an insurer who is "liable for a claim under an insurance policy" and who does not comply with statutory deadlines is liable to the policy holder or beneficiary not only for the amount of the claim, but also for "simple interest on the amount of the claim as damages each year at the rate [of 10%], together with reasonable and necessary attorney's fees." TEX. INS. CODE § 542.060(c). As Plaintiffs cannot prevail on their breach of

contract claim, Plaintiffs cannot prevail under the prompt-pay statute. Accordingly, Safeco is entitled to summary judgment.

### C. Safeco is Also Entitled to Summary Judgment on Plaintiffs' Extra-Contractual Claims Because There is no Evidence That This is Anything Other Than a *Bona Fide* Coverage Dispute.

Plaintiffs also have no evidence that the dispute at hand is anything other than a *bona fide* dispute over insurance coverage. In Texas, to establish bad faith Plaintiffs must prove that Safeco denied payment of a claim when it knew or should have known its liability on the claim was reasonably clear. *Higginbotham*, 103 F.3d at 460; *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co*., 322 F.3d 847, 860-61 (5th Cir. 2003); *Universe Life Ins, Co, v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997). An insurer does not breach its duty of good faith merely by erroneously denying a claim; if a bona fide dispute exists as to coverage, there is no bad faith. *U.S. Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997). As long as the insurer has a reasonable basis to deny payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith. *Higginbotham*, 103 F.3d at 459 (citing *Lyons*, 866 S.W.2d at 600).

As detailed, *supra*, Safeco had a reasonable coverage basis to deny payment of the Claim. Mr. Laur agrees that Safeco offered a reasonable basis for its denial. According to Mr. Laur, the loss "possibly falls in the gray area of the policy where it is not just a one-way or the other, cookie cutter interpretation."[40]

Moreover, as noted, *supra*, Safeco had recently issued payments in the amount of $26,357.17 to Plaintiffs for hail damage to the roof at the Property.[41]  Safeco always openly and

---

[40] *See* **Ex. A-3** (**App. 114**), **Ex. B-2**, p. 14:8-12 (**App. 247**).
[41] *See* **Ex. A**, p. 2, ¶ 12 (**App. 2**)., **Ex. A-5**, p. 1 (**App. 126**).

honestly pays the full amount of covered claims to its policyholders. Regrettably, it could not do so in this instance because the Claim is simply not covered.

Even assuming arguendo that Plaintiffs could muster a genuine issue of material fact on their breach of contract claim—which Safeco emphatically denies—the summary judgment evidence conclusively establishes that, at most, a *bona fide* dispute exists as whether Safeco is required to provide coverage for the loss.

Plaintiffs have no evidence to the contrary — that is, Plaintiffs have no evidence that Safeco denied payment when it knew or should have known its liability was reasonably clear. Consequently, Plaintiffs' claim for statutory bad faith fails on this separate and additional ground for summary judgment.

## VII.    <u>CONCLUSION</u>

In conclusion, for all of the reasons set forth above, Safeco Insurance Company of Indiana respectfully submits that it is entitled to summary judgment on all of Plaintiffs' claims in this lawsuit.

Respectfully submitted,

*/s/Kieran W.* Leary
**Kieran W. Leary**
Texas State Bar No. 24108517
kieranl@tbmmlaw.com
**TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP**
2811 McKinney Avenue, Suite 250
Dallas, TX 75204
(214) 665-0100 – Telephone
(214) 665-0199 – Facsimile

**ATTORNEY FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1st day of December, 2022, the foregoing document was forwarded to all counsel of record via the Court's CM/ECF filing system.

*/s/Kieran W. Leary*
**Kieran W. Leary**