IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ED LAUR, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-0246-Z-BR |
| | § | |
| SAFECO INSURANCE COMPANY OF INDIANA, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

This matter comes before the undersigned upon consideration of the Motion for Summary Judgment filed by Defendant Safeco Insurance Company of Indiana ("Safeco"), (ECF 28), the Motion for Partial Summary Judgment filed by Plaintiffs Ed and Marla Laur ("the Laurs"), (ECF 31), and the Motion to Strike and for Sur-reply, (ECF 48), also filed by the Laurs. These motions have been referred to the undersigned for preparation of findings, conclusions, and a recommendation. (ECF 35; ECF 46). Having considered the Motions, briefs, their attendant appendices, the applicable law, and for the reasons states below, it is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that Safeco's Motion be granted and the Laurs' Motions be denied.

### I.   BACKGROUND

This case concerns the residential property insurance policy issued by Safeco to the Laurs for their property located at 2800 S. Hayden Street in Amarillo, Texas. (ECF 32 at 1–2). On February 21, 2021, the basement of the Laurs' residence filled with water. (*Id.* at 2). The cause of

the flooding was a rupture in the PVC piping of the irrigation system in the backyard of the residence. (*Id.*). An inspector retained by Safeco, Chris Royce ("Royce"), opined that the rupture was the result of sustained freezing temperatures in the area associated with a passing winter storm. (*Id.*). Upon discovery of the flooding damage, the Laurs filed a claim with Safeco, which denied the claim, citing Exclusions 2 and 8 of the policy.[1] (*Id.*). In relevant part, Exclusion 2 states that Safeco will not pay for damage resulting from "[f]reezing, thawing, pressure or weight of water, ice or snow whether driven by wind or not, to a…landscape sprinkler system…" (*Id.* at 3; *see also* ECF 30-2 at 44). Exclusion 8, meanwhile, states that water damage is not covered under the policy, meaning "release of water held by…a water or flood control device." (*Id.*).

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248. To determine whether there are any genuine issues of material fact, the Court must first ascertain the factual issues that are material under the applicable substantive law. *See id.*; *Lavespere v. Niagra Mach. & Tool Works*, 910 F.2d 167, 178 (5th Cir. 1990), *abrogated on other grounds by Little*

---

[1] The parties state throughout the briefs that the relevant Exclusions in this matter are 2 and 9. However, a review of the policy language cited by both parties reveals the applicable language the parties ascribe to Exclusion 9 actually belongs to Exclusion 8. (ECF 30-2 at 44–45). For that reason, the undersigned will refer to Exclusion 8 as that referring to water damage throughout.

*v. Liquid Air Corp.*, 37 F.3d 1069, 1075–76 n.14 (5th Cir. 1994).

The Court must next review the evidence on those issues, viewing the facts in the light most favorable to the nonmoving party. *Lavespere*, 910 F.2d at 178; *Newell v. Oxford Mgmt., Inc.*, 912 F.2d 793, 795 (5th Cir. 1990) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986) (internal quotation marks omitted)); *Medlin v. Palmer*, 874 F.2d 1085, 1089 (5th Cir. 1989). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). However, Rule 56 "does not impose upon the district court a duty to sift through the record in search of evidence to support" a party's motion for, or opposition to, summary judgment. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 n.7 (5th Cir. 1992) (Wisdom, J., dissenting). The Court should not weigh the evidence and determine the truth of the matter in determining whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.

If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, no genuine dispute for trial exists. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence and are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994) (citations omitted).

If "the movant bears the burden of proof on an issue, either because he is the plaintiff or, as a defendant, he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot*, 780 F.2d at 1194 (emphasis in original). The "beyond peradventure"

standard imposes a "heavy" burden. C*ont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-CV-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. 2007) (citing *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.,* 878 F.Supp. 943, 962 (N.D. Tex. 1995) (quoting *Fontenot*, 780 F.2d at 1194)).

### III.  ANALYSIS

The parties' cross motions for summary judgement revolve around a question of contract interpretation. The Laurs contend the policy does cover the damage at issue and are thus entitled to summary judgment, at least as to the breach of contract claim, (ECF 32 at 5–9), while Safeco argues the opposite. (ECF 44 at 14). Thus, this case turns on the relatively straightforward interpretation of the policy language.

Under Texas law, the essential elements of breach of contract are (1) the existence of a valid contract, (2) performance or tendered performance by a plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained as a result of the breach. *Tyler v. Citi-Residential Lending, Inc.*, 812 F.Supp.2d 784, 787 (N.D. Tex. 2011). Safeco contends that the Laurs cannot sustain the third element because the loss at issue here is not covered, while the Laurs argue they should be awarded summary judgment as to that element because it is covered. (ECF 32 at 5–9; ECF 44 at 14).

Here, there are dual burdens at play, and each party is required to demonstrate that it is entitled to judgment as a matter of law. *All Saints Catholic Church v. United Nat. Ins. Co.*, 257 S.W.3d 800, 802 (Tex. App.—Dallas 2008, no pet.). Insureds bear "the initial burden of showing that there is coverage, while the insurer bears the burden of proving the applicability of any exclusions in the policy." *Guaranty Nat. Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir.

1998). If the insured proves coverage, then the burden shifts to the insurer to prove that the loss is covered by an exclusion. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010). If the insurer proves an exclusion applies, the burden shifts back to the insured to show an exception to the exclusion applies. *Id.* In this case, there is no question that the loss at issue occurred to a building covered by the policy during the policy period, so the analysis turns to whether an exclusion applies.

The plain language of the policy demonstrates, in fairly broad terms, that losses resulting from freezing to, *inter alia*, a landscape sprinkler system are not covered.[2] The policy also states that, at bottom, if the loss involves an exclusion in any way, there is no coverage. The analysis by Royce, who was retained by Safeco and quoted extensively by the Laurs, conclusively shows the loss was caused by freezing to the landscape sprinkler system. For that reason, the undersigned recommends that Exclusion 2 be found applicable to this case. (ECF 32 at 2).

Exclusion 8 concerns damage caused by surface and subsurface water. (ECF 44 at 11). Subsection A(2) of the exclusion prohibits recovery under the policy for "release of water held…by a water or flood control device." (*Id.*). Subsection B excludes all water below the surface of the ground and is applicable regardless of the cause. (*Id.*). Much like Exclusion 2, the language here is conclusively applicable. A landscape sprinkler system can perhaps best be

---

[2] The policy also contains what is known as an anti-concurrent causation provision, which reads, in relevant part, "[w]e do not cover losses causes directly or indirectly by any of the following excluded perils. Such loss is excluded regardless of the cause of loss or any other cause or event contributing concurrently or in any sequence to the loss." (ECF 30-2 at 44).

thought of as a water control device, making Exclusion 8 applicable. The water at issue here was also below the surface of the ground, further demonstrating the applicability of the exclusion.[3]

Having concluded that both exclusions asserted by Safeco should apply, the undersigned now examines whether the Laurs have met their burden to show an exception is applicable. They only offer such an argument as to Exclusion 2, stating the policy provides coverage from a loss resulting from a loss caused by freezing, provided that the resulting loss is covered. (ECF 32 at 5). Safeco objects to the characterization of the flooding at issue here as a resulting loss. (ECF 44 at 22).

The Laurs' argument is inapposite. The policy states that Exclusion 2 does "not apply to ensuing loss resulting from a peril described under Perils Insured Against." (ECF 30-2 at 44). The relevant part of Exclusion 2, the freezing of a landscape sprinkler system, is the instigating

---

[3] The Laurs contend Exclusion 8 cannot apply because it would only theoretically be applicable as to Subsection B, (ECF 32 at 7), but that it also cannot apply as to that provision either, because the water that ultimately caused the damage is not 'water below the surface of the ground.' (*Id.*). The Laurs advance a definition of that phrase offered by Texas courts: "(1) underground bodies or streams of water flowing in known or defined or ascertainable channels," or, "(2) waters which ooze, seep, or percolate through the earth, or which flow in known or undefined channels." (*Id.* (quoting *Adrian Assocs., Gen Contractors v. Nat'l Sur. Corp.*, 638 S.W.2d 138, 140 (Tex. App.—Dallas 1982, writ ref'd n.r.e.).
   This contention, however, ignores the final paragraph of the exclusion, which reads, "[t]his exclusion applies whether caused by or resulting from human or animal forces or any act of nature." (ECF 44 at 11). Regardless of the definition of 'subterranean waters' assigned by Texas courts, the parties here agreed to the language in the policy, and that language is not as limited as the Laurs argue. To the contrary, it is quite broad and all-encompassing. Courts are bound to interpret insurance policies, which are contracts, as they are written. *National Union Fire Ins. Co. of Pittsburgh, PA v. CBI Industries, Inc.*, 907 S.W.2d 517, 520 (Tex. 1995). For that reason, the undersigned concludes that the Laurs' argument should fail.
   The Laurs also object to certain portions of Safeco's Reply in support of its Motion for Summary Judgment, arguing that Safeco asserts the 'flood' portion of Exclusion 8 for the first time therein. (ECF 48). The undersigned is puzzled by this argument because Safeco asserted that Exclusion 8 is applicable generally in its opening brief, which includes flood damage. (ECF 29 at 14–15). For that reason, the undersigned recommends that the Laurs' motion to strike and for sur-reply be denied. (ECF 48). At any rate, Safeco used Exclusion 8 generally, which includes flood damage, as one of its bases to deny coverage initially. (ECF 30-3 at 1–3). With that in mind, the Laurs cannot credibly claim to be surprised by Safeco's argument when they have been on notice of it from the very beginning.

act in this case, not an ensuing one. In other words, when the sprinkler system froze, it begat the flooding of the basement. For the exception to Exclusion 2 to be applicable, the opposite would have to be the case; the freezing would have to be the ensuing, rather than the instigating, cause.[4]

Therefore, the undersigned concludes that the Laurs have met their burden to show coverage, but Safeco has also met its burden to show Exclusions 2 and 8 are applicable. In response, the Laurs have not met their burden to show an exception to the exclusions applies. Thus, the Laurs' breach of contract claim fails.

Because the undersigned recommends that Safeco is entitled to summary judgment on the breach of contract claim, all extracontractual claims must likewise fail. *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 495 (Tex. 2018).[5]

As a final matter, the undersigned addresses the arguments by the Laurs that they should be awarded summary judgment as to certain of Safeco's affirmative defenses. (ECF 32 at 9–10). In their briefs, the Laurs present little more than *ipse dixit* assertions that they are correct. Safeco abandons its assertion of waiver and estoppel but defends the rest. Such assertions, light on the

---

[4] The Laurs offer five cases they say support an ultimate finding in their favor. (ECF 42 at 6). Their contention, however, ignores the central flaw in their argument: the ensuing loss provision here, found between Exclusions 4 and 5 in the policy, applies only when the freezing cause of loss is itself the ensuing cause of loss. (ECF 30-2 at 44). Here, it is not. The freeze came first, and because that is the case, the provision does not apply.

[5] In the alternative, were the breach of contract claim to survive, the undersigned recommends that Safeco be awarded summary judgment as to the bad faith claim under the *bona fide* dispute rule.

Texas law states that "an insurer's liability under the contract is separate and distinct from its liability for breach of the duty of good faith and fair dealing." *Douglas v. State Farm Lloyds*, 37 F.Supp.2d 532, 536 (S.D. Tex. 1999). To escape liability, a *bona fide* controversy must exist. *Id.* Such a controversy is a sufficient reason to deny, delay, or otherwise fail to make a prompt payment of a claim. *Id.* (citing *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997).

Regardless of the ultimate view on construction of the policy language, a colorable argument for Safeco's position exists. For that reason, there is a *bona fide* coverage dispute sufficient for Safeco to avoid liability as to that claim.

facts as they are, are not a basis for summary judgment. The undersigned, therefore, recommends that the Laurs' Motion as to affirmative defenses be denied.

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, it is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that Safeco's Motion for Summary Judgment, (ECF 28), be granted, the Laurs' Motion for Partial Summary Judgment, (ECF 31), be denied, and the Laurs' Motion to Strike and for Sur-reply, (ECF 48), be denied.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 10, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds

of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).